IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GRANNY'S ALLIANCE HOLDINGS, INC., ET AL. | § § § | PLAINTIFFS |
| v. | § § | Civil No. 1:11CV165-HSO-JMR |
| FARROW CONSTRUCTION SPECIALITIES, INC., ET AL. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT FARROW CONSTRUCTION SPECIALTIES' MOTION TO DISMISS AND DENYING DEFENDANTS CORE 4 KEBAWK AND CORE 4 HOLDING'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION FOR TRANSFER OF VENUE**

BEFORE THE COURT is a Motion to Dismiss [25] filed by Defendant Farrow Construction Specialties, Inc., and Daniel Farrow, pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6). Also pending before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction, or, in the alternative, for Transfer of Venue [28] filed by Defendants Core 4 Kebawk and Core 4 Holding, Inc. Plaintiffs have filed a Response to Farrow Defendants' Motion [32] and a Response to Core Defendants' Motion [36]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that personal jurisdiction exists over Defendants, and that venue is proper in this District and Division. Defendants' Motions should be denied.

I. FACTS AND PROCEDURAL BACKGROUND

Granny's Alliance Holdings, Inc., and Granny's Alliance, LLC ["hereinafter

Plaintiffs"], are foreign corporations organized in the State of Idaho, which conduct substantial business in Harrison County, Mississippi. Compl. [1], ¶ 11 a-b, at p. 3. Defendant Farrow Construction Specialities, Inc., is a corporation organized in the State of Washington, and allegedly conducts substantial business in Harrison County, Mississippi. Compl. [1], ¶ 11 c, at p. 3. Defendants Core 4 Kebawk, LLC, and Core 4 Holding Company, LLC [hereinafter "Core Defendants"], are corporations organized in the State of Nevada. Both also purportedly conduct substantial business in Harrison County, Mississippi. Compl. [1], ¶ 11 f-g, at pp. 3-4.

In April 2010, the Deepwater Horizon oil spill occurred, impacting the coasts of Louisiana, Mississippi, and Alabama. Following the oil spill, Plaintiffs initiated, secured, and performed contracts for servicing clean-up efforts. Compl. [1], at pp. 3-4. According to the Complaint, "Defendants requested Plaintiffs to supply support services and equipment as well as assistance in helping secure contracts for Defendants to perform services and rent equipment for oil spill clean-up." *Id*. at p. 4.

On or about June 14, 2010, Plaintiffs and Defendant Farrow Construction Specialties, Inc., and Daniel Farrow [hereinafter "Farrow Defendants"] entered into an agreement ["the Contract"] whereby Plaintiffs loaned the sum of $30,000.00, in exchange for receiving 5% of the gross revenues the Farrow Defendants received as a result of clean-up contracts it performed. *Id*. This Contract was subsequently assigned by Farrow Defendants to Kebawk Group. *Id*. Plaintiffs allege that

despite furnishing $ 345,352.68, worth of equipment and services to Defendants and/or their agents and assigns, "Defendants have failed and refused to pay any funds whatsoever under the loan agreement, the Professional Agreement, or pursuant to the invoices for actual services and equipment supplied to the Defendants." *Id*. ¶¶ K-L, at p. 5.

Plaintiffs filed a Complaint [1-1] in the Circuit Court of Harrison County, Mississippi, First Judicial District, on February 25, 2011, advancing claims against Defendants for fraud, breach of contract, and breach of fiduciary duty. *Id.*, at pp. 5-9. From the face of Plaintiffs' Complaint, complete diversity of citizenship existed. Defendant Loupe Construction and Consulting Company, Inc.[1], removed the case to this Court on April 12, 2011, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, at pp. 2-4. On April 27, 2011, Farrow Defendants, Core 4 Kebawk, and Core 4 Holdings joined in the removal. Joinder in Removal [13, 16, 18], at p. 1.

All named Defendants now move to dismiss the Complaint on the following grounds: (1) that Plaintiffs lack standing under Mississippi law to maintain this action; (2) that this Court lacks personal jurisdiction over Defendants; and (3) that Plaintiffs have failed to state a claim as a matter of law pursuant to FED. R. CIV. P. 12(b)(6). Alternatively, Defendants seek transfer of this case to the Eastern District

---

[1] On May 10, 2011, the parties filed a Stipulation of Dismissal of Loupe Construction and Consulting Company, Inc. [23]. Loupe was terminated, and is no longer a Defendant in this action.

of Louisiana pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

A. <u>Defendants' Motions to Dismiss for Lack of Personal Jurisdiction</u>

Defendants seek dismissal on the grounds that this Court lacks personal jurisdiction over them. Farrows' Mem. in Support of Mot. to Dismiss [26] at p. 7; Core 4's Mem. in Support of Mot. to Dismiss [29] at p. 3. Defendants submit that because the Mississippi Long-Arm Statute, *see* Miss. Code Ann. § 13-3-57[2], is not satisfied and the requirements of Due Process are not met, this Court should not assume jurisdiction over them.

A motion to dismiss under Rule 12(b)(2) challenges a federal court's jurisdiction over named parties. *See* FED. R. CIV. P. 12(b)(2). In the present case, Defendants challenge this Court's jurisdiction based upon the face of the Complaint; therefore, the Court must apply an analysis similar to that utilized under Rule 12(b)(6), and accept the allegations of Plaintiffs' Complaint as true. *Morrone Co. v.*

---

[2] **§ 13-3-57. Service on nonresidents; generally.**

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

*Barbour*, 241 F. Supp. 2d 683, 687 (S.D. Miss. 2002)(citations omitted).

A suit may be dismissed pursuant to Rule 12(b)(2) if personal jurisdiction over a non-resident defendant is lacking. *See e.g., Allred v. Moore & Peterson,* 117 F. 3d 278 (5th Cir. 1997)*; Jobe v. ATR Marketing, Inc.*, 87 F. 3d 751 (5th Cir. 1996). This Court can only exercise personal jurisdiction over the named Defendants to the extent permitted by Mississippi law. *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989).

Under Mississippi law, the propriety of personal jurisdiction over a non-resident defendant is determined by a two-step inquiry: (1) the defendant must be amenable to service of process under the Mississippi long-arm statute; and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the Due Process Clause of the Fourteenth Amendment. *Gardner v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss 2000)(citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)). The Mississippi long-arm statute permits a court to exercise personal jurisdiction over a non-resident defendant who: (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state; (2) commits a tort in whole or in part in this state against a resident or non-resident of this state; or (3) does any business or performs any character of work or service in this state. *Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001); *see also* MISS. CODE ANN. § 13-3-57.

Under the "doing business prong" of the Mississippi long-arm statute, the

non-resident "(1) must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." *Internet Doorway*, 138 F. Supp. 2d at 775 (quoting *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995)). One is "deemed to be doing business" if he "perform[s] any character of work or service in this state." *Cypress Pharmaceutical, Inc. v. Tiber Laboratories, LLC*, 504 F. Supp. 2d 129, 133 (S.D. Miss. 2007) (citing MISS. CODE ANN. § 13-3-57). The Mississippi Supreme Court has further defined the phrase "doing business" to include doing "various acts here for the purpose of realizing a pecuniary benefit or otherwise accomplishing an object." *Id.* (quoting *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 882 (5th Cir. 1993)); *see also McDaniel v. Ritter*, 556 So. 2d 303, 309 (Miss. 1989).

The Complaint asserts that "the negotiations and contracts between the parties were conducted and signed in the state of Mississippi and performance of said agreements was in part conducted in Mississippi." Compl. [1-1], ¶ M at p. 5. The Complaint also asserts claims for fraud and for breach of fiduciary duty. *Id.* at pp. 8-9. Plaintiffs argue that because they "were induced into representations made by Farrow's to act, and did in fact act in reliance on those representations, to their detriment by providing money and equipment, . . . the tort prong of Section 13-3-57 has been satisfied, and the requirements of the long arm statute are satisfied." Pls.'

Mem. in Opposition to Mot. to Dismiss [33] at p. 7.

Upon consideration of the record and the relevant law, the Court is persuaded that while the record reflects that the parties entering into the Contract in this case were all non-residents, the tort and "doing business" prongs of the Mississippi long-arm statute have been met in this case.

The Court has determined that the Complaint falls within the ambit of the Mississippi long-arm statute. The Court must next consider the mandates of Due Process. In making the Due Process inquiry, the Court must ask whether: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities; and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* (quoting *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)); *see also Guidry v. United States Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999). "With respect to the last prong, the burden of proof is on the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' under the five-factor test articulated by the Supreme Court in *Burger King*."[3] *Id.* (quoting *Breckenridge Pharmaceutical, Inc.*, 444 F.3d at 1363); *see also Burger King*

---

[3]In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), the Court determined that "courts in 'appropriate case[s]' may evaluate 'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Burger King*, 417 U.S. at 476-77 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

*Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Based upon the factual allegations enumerated in the Complaint, the Court is of the opinion that Defendants directed their activities at this forum, the claims arise from these activities, and the assertion of personal jurisdiction over these Defendants is fair and reasonable. Indeed, Defendants themselves invoked this Court's jurisdiction by removing this case from state court to this forum. In short, Plaintiffs have made a *prima facie* showing of this Court's personal jurisdiction over the named Defendants. Taking the factual allegations of the Complaint as true, the Court is of the view that Defendants are subject to the Court's jurisdiction under the long-arm statute as well as under Due Process. Defendants' Motions as they relate to personal jurisdiction should be denied.

B.  Defendant's Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), submitting that Plaintiffs' Complaint is legally insufficient. Defendants further contend that "Plaintiffs have not met their burden of pleading fraud with particularity." Defs.' Mtn. to Dismiss [26] at p. 16. Specifically, they assert that Plaintiffs have failed to satisfy the pleading standards of FED. R. CIV. P. 8 and 9. *Id.* Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the

alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Further, "a well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds)).

Count VIII of the Complaint asserts that Defendants: "have attempted to hide the fact money has been received from contracts covered by the parties' Professional Agreement. . . . [and] conspired and agreed with others to created secret assignments of contractual rights, to refuse to divulge relevant information, [and to] obtain, transfer, and/or assign funds to which Plaintiffs were entitled." Compl. ¶¶ C & D at p. 8.

Defendants argue that Plaintiffs have not alleged any facts with sufficient particularity to support this claim, and that the Complaint does not identify or specify any of the details, such as "the time, place, and contents of the false representations, the identity of the person making the fraudulent statement, and what that person obtained by making the fraudulent statement . . . ." Defs.' Mem. in Support of Mot. to Dismiss [26], at p. 16.

> FED. R. CIV. P. 9 provides:
> (b) Fraud or Mistake; Condition of Mind.
> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

"At a minimum, Rule 9(b) requires allegations of the particulars of 'time, place, and contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby.'" *Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1138-39 (5th Cir. 1992)(citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990)); *see Keith v. Stoelting, Inc.,* 915 F.2d 996, 1000 (5th Cir.1990).

In order to state a claim for fraud under Mississippi law, the following elements must be pled with factual particularity:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.

*Smith v. Union Nat. Life Ins. Co.* 187 F. Supp. 2d 635, 650 (S.D. Miss. 2001)(citing *Black v. Carey Canada, Inc.,* 791 F. Supp. 1120, 1123 (S.D. Miss.1990)).

The pertinent question for the Rule 12(b)(6) inquiry here is whether Plaintiffs have sufficiently alleged facts supporting the elements of the claims asserted. Based upon a review of the Amended Complaint, the Court is persuaded that Plaintiffs have satisfactorily pled their claims. Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be denied.

C.   Defendant's Motion to Dismiss for Plaintiff's Lack of Standing

Defendants alternatively move to dismiss the Complaint on the grounds that Plaintiffs are foreign corporations conducting business in Mississippi, and have not registered with the Mississippi Secretary of State. Defendants argue that due to

Plaintiffs' corporate status, or lack thereof, they cannot maintain this action. "GAL's lack of registration and GAH's lack of a certificate of authority result in Plaintiffs' lack of power, standing and right to bring and maintain this action against Farrow Construction and Danny Farrow in the instant case." Defs.' Mem. in Support of Mot. to Dismiss [26] at p. 6. Plaintiffs respond that they have applied for a Certificate of Authority and have therefore satisfied the requirement under Mississippi Code Annotated § 79-29-1013. Pls.' Mem. in Opp. of Mot. to Dismiss [33] at p. 4. Mississippi Code Annotated § 79-29-1013 provides that a "foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state *until* it has registered in this state." Attached to Plaintiffs' Response is a Certificate of Authority for Granny's Alliance Holdings, Inc., which originates from the Mississippi Secretary of State, and which demonstrates that Granny's Alliance is in good standing. Certificate of Authority and Related Documents, att. as Ex. "9" to Pls.' Resp. to Mot. to Dismiss. Under the circumstances presented here, the Court is of the view that Plaintiffs possess standing to pursue their claims in this Court.

D.   Defendant's Motion for Change of Venue

   1.   Legal Standard

With regard to a change of venue, "[the burden is on the party seeking the transfer to establish by a preponderance of the evidence, that the transfer should be made." *Wells v. Greyhound Lines, Inc.*, 2002 WL 1610902, *3 (S.D. Miss. June 25,

2002) (internal citations omitted). "In determining whether to transfer venue in a particular case, the court must exercise its discretion in light of the particular circumstances of the parties and the circumstances of the case." *Id.* (internal citations omitted). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987) (internal citations omitted).

Section 1404 of Title 28 of the United States Code reads as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, *a district court may transfer any civil action to any other district or division where it might have been brought.*

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, *from the division in which pending to any other division in the same district.* Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) As used in this section, the term "district court" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

28 U.S.C. § 1404 (emphasis added).

In their Motion, Defendants ask this Court to transfer venue to the Eastern District of Louisiana, where another case, *Core 4 Kebawk, LLC, et al. v. Ralph's*

*Concrete Pumping, Inc., et al.*, Civil Action No. 2:10cv2792 (E.D. La. 2010), is pending. Because Defendants seek transfer to a *district* other than the one in which this case is now pending, section 1404(a) applies.

### 2. Where Case Might Have Been Brought

Fifth Circuit precedent directs that, in applying the provisions of section 1404(a), "the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In determining proper venue, section 1391(a) of Title 28 of the United States Code reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

The record indicates that there has been ongoing litigation involving the same Defendants in the Eastern District of Louisiana. In a joint status report, the Farrow Defendants and Core Defendants indicated that the case in the Louisiana arose "from alleged relationships and transactions among the parties with respect to the alleged design, implementation, procurement, performance, and diversion of oil spill cleanup

work in Louisiana made necessary by the Deepwater Horizon explosion in the Gulf in April, 2010." *Core 4 Kebawk, et al. v. Ralph's Concrete Pumping, Inc., et al.*, Civil Action No. 2:10cv2792, #158, at p. 2. The record further indicates that Plaintiff is a party to that litigation. *Id.*

After reviewing the Complaint, the record, the pleadings, and briefs on file, and after weighing the relevant considerations pursuant to 28 U.S.C. §1404(a), the Court is of the opinion that this cause of action could not have originally been brought in the Eastern District of Louisiana, as it is not a judicial district in which a substantial part of the events or omissions giving rise to this particular claim occurred. Plaintiffs' contentions relate to alleged fraudulent representations and actions surrounding the Contract, which was entered into by diverse Defendants in the State of Mississippi, and which contemplated performance in the State of Mississippi. The Court is of the opinion that considerations of "the interest of justice" dictate that this case remain in this District and Division.

  2. <u>Convenience of the Parties</u>

"Section 1404(a) provides for the transfer to a forum which is more convenient, not to a forum which is equally convenient or inconvenient." *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 651 F. Supp. 623, 630 (S.D. Miss. 1986) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). "Hence, transfer will be refused where it would operate merely to shift inconvenience from one party to the other." *Sorrels*, 651 F. Supp. at 630 (quoting *Darby Drug Co. v. Zlotnick*, 573 F. Supp. 661, 664 (E.D.N.Y.

1983)). This Court has held that the convenience of party and non-party witnesses is the most significant factor in considering a section 1404(a) transfer motion. *Paul v. Int'l Precious Metals Corp.*, 613 F. Supp. 174, 179 (S.D. Miss. 1985). In analyzing the convenience of the parties and witnesses, the Court considers certain "private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203 (citations omitted). The private factors are:

> (1) the relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 203 (citation omitted). The public interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citation omitted).

The factors which weigh against a transfer of this case include the relative ease of access to sources of proof; the availability of compulsory process; and the familiarity of the forum with the law that will govern the case. The factors of cost of attendance for willing witnesses and all other practical problems that make trial of a case easy, expeditious, and inexpensive are neutral. They favor neither Mississippi nor Louisiana, as none of the parties to this litigation are residents of either State.

Finally, the forum in which Plaintiff chooses to file suit is also a factor that may

be considered, but this factor is "neither conclusive nor determinative." *In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir. 2003). This factor, of course, weighs in favor of maintaining the case in Mississippi. Additional factors including: 1) the Contract at issue was entered into in the State of Mississippi; 2) the allegation that the Core Defendants have been an established presence on the Mississippi Gulf Coast since Hurricane Katrina in 2005; and 3) the fact that the witnesses are located throughout the country, all contribute to the Court's conclusion that this case should remain in this forum.

    3.    <u>Consideration of the First-To-File Rule</u>

The Core Defendants also assert that this Court should transfer this matter to the Eastern District of Louisiana under this legal principle. "The Fifth Circuit adheres to the general rule that the court in which an action is first-filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Sandwich Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citations omitted). The rule "rests on principles of comity and sound judicial administration." *Id*. (citations omitted). It "is essentially a forward-looking doctrine" used "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues

that might substantially duplicate those raised by a case pending in another court." *Id.* at 604. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

However, "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation, [do] not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). For this reason, "[t]he first-to-file rule is a discretionary doctrine . . . , the application of which [is] normally view[ed] for abuse of that discretion." *Cadle Co.*, 174 F.3d at 603 (citing *Kerotest Mfg.*, 342 U.S. at 183-84) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts") and *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

In the Fifth Circuit, the "crucial inquiry" is "one of substantial overlap." *Save Power Ltd.*, 121 F.3d at 950. The rule does not require that the cases be identical, *id.*, nor is complete identity of the parties required, but there must be a substantial overlap between the suits, *id.* at 950-51; *West Gulf Maritime Ass'n*, 751 F.2d at 730. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 950-51 (citations omitted). To effectuate this principle, a

district court may dismiss, transfer, or stay an action where the issues presented can be resolved in an earlier filed action pending in another district court. *West Gulf Maritime Ass'n*, 751 F.2d at 729.

Regarding this principle, the Core Defendants submit that:

> [t]he issues in both cases substantially overlap – both cases relate to the same set of contractual disputes regarding oil clean-up efforts in Louisiana. Furthermore, a majority of the parties: (1) Farrow Construction Specialties, Inc., (2) Loupe Construction and Consulting Company, Inc., (3) Larry Howell, (4) Core 4 Kebawk, LLC, and (5) Kebawk Group, LLC are already involved in the related proceeding in the Eastern District of Louisiana. Therefore, this case should be dismissed or transferred to the Eastern District of Louisiana because it is inconvenient, and because a related action was first filed in the Eastern District of Louisiana.

Mem. in Support of Mot. to Dismiss [29] at p. 4.

Applying the foregoing legal standard to this case, the parties and claims in the two suits are not identical. Plaintiff is not a party to the Louisiana litigation, and the subject matter of that case concerns ownership of equipment and design infringement. At issue in this dispute are allegations, representations, and actions surrounding contracts entered into in Mississippi. The Court agrees with Plaintiffs' position that "the fact these same Defendants might have committed other bad acts against other plaintiffs does not constitute sufficient overlap of issues envisioned by the 'first to file' rule." Pls.' Mem. in Opp. to Mot. to Dismiss [36] at p. 18. The Court concludes that the first to file rule is not applicable in this case.

III. CONCLUSION

Upon review of the submissions of the parties and the record as a whole, the Court is of the opinion that Defendants have not met their burden of demonstrating that the Court lacks personal jurisdiction over them, or that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. The Court will deny Defendants' Motions to Dismiss. The Court further finds that venue is proper in this District and Division. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion to Dismiss [25] filed by Farrow Construction Specialties, Inc., and Daniel Farrow, pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6), is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion to Dismiss for Lack of Personal Jurisdiction, or, in the alternative, for Transfer of Venue [28], filed by Core 4 Kebawk and Core 4 Holding, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 21st day of May, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE